MATTER OF MIRZA

In Deportation Proceedings

A-11916643

*Decided by Board August 5, 1966*

In establishing eligibility to receive an immigrant visa for the purposes of adjustment of status pursuant to section 245, Immigration and Nationality Act, as amended, respondent, who is already a part of the United States labor market, having been employed on a full-time basis in this country for over 4 years, is nevertheless subject to the labor certification requirements of section 212(a)(14) of the Act, as amended by P.L. 89-236, to the same extent as if he were seeking an immigrant visa from a consular officer abroad.

CHARGE:

Order: Act of 1952—Section 241(a)(2) [8 U.S.C. 1251(a)(2)]—Nonimmigrant student—Remained longer than permitted.

This case comes forward on appeal from an order entered by the special inquiry officer on May 27, 1966 denying the respondent's application for adjustment of status to that of a permanent resident as provided in section 245 of the Immigration and Nationality Act but granting him permission to depart voluntarily from the United States in lieu of deportation and directing that he be deported from the United States to Lebanon, the country designated by him, on the charge set forth in the order to show cause and further directing that he be deported from the United States to Iraq in the event the aforenamed country notifies the Attorney General it is unwilling to accept him into its territory. The respondent, a 30-year-old single male, native and citizen of Iraq, has resided continuously in the United States since his admission as a nonimmigrant student at New York, New York on or about September 13, 1960 authorized to remain in the United States in such status until November 31, 1965. The respondent has remained in the United States without authority since the latter date. Deportation proceedings were instituted against him on April 5, 1966 at which time the order to show cause issued on March 31, 1966 was served upon him.

Hearings in deportation proceedings were held at Chicago, Illi-
nois on April 15, and May 25, 1966, respectively. The respondent
and counsel admitted the truth of the factual allegations set forth
in the order to show cause and conceded deportability on the charge
stated therein. The evidence of record clearly establishes that the
respondent is subject to deportation under the provisions of section
241(a)(2) of the Immigration and Nationality Act, in that, after
admission as a nonimmigrant under section 101(a)(15) of the Act,
he remained in the United States for a longer time than permitted.
Counsel on appeal asserted the special inquiry officer erred in
denying the respondent's application for adjustment of status. Ac-
cording to counsel the respondent does not need a Labor certifica-
tion because he is already a part of the United States labor market
and will not displace a United States worker. The respondent has
not attended school since June 1965 and he has been employed on
a full-time basis in the United States for over four years (pp. 5 & 7).
He is presently employed as a rebuyer at a salary of $120 per week
by a business firm in Chicago, Illinois. The points raised by
counsel on appeal are obviously contrary to the clear meaning of
the pertinent statute and the regulations promulgated to implement
such statute.

The respondent is not eligible for the benefits of section 245 of
the Immigration and Nationality Act unless he is the beneficiary
of a valid unexpired visa petition filed in accordance with Part
204, 8 CFR approved to accord him the status applied for. During
the deportation hearing counsel conceded that the respondent is not
the beneficiary of an approved visa petition to accord him status
under section 203(a)(3) or 203(a)(6) of the Immigration and Na-
tionality Act. Since the respondent is not the beneficiary of an ap-
proved visa petition to accord him status under section 203(a)(3)
or 203(a)(6) of the Immigration and Nationality Act, an immigrant
visa is not readily available to him because visas under the non-
preference portion of the quota for Iraq are unavailable (United
States Department of State Visa Office Bulletin No. 162, dated July
15, 1966). The respondent under the law is in no different position
than an alien seeking an immigrant visa from a consular officer
abroad. Counsel's argument that it was not the intention of Con-
gress to have the aforementioned restrictions applied to an alien
situated as the respondent herein is neither convincing nor com-
pelling. A full reading of section 9, Summary of Public Law 89-
236 referred to by counsel in his brief on appeal shows that the
primary responsibilities are placed upon the intending immigrant to
obtain the Secretary of Labor clearance prior to the issuance of a

visa * * *. Moreover, Senate Report No. 748 among other things states that under the instant bill, the primary responsibilities are placed upon the intending immigrant to obtain a Secretary of Labor clearance prior to the issuance of a visa * * *. The certification must be obtained in individual cases before a visa may be issued to an intending immigrant (p. 15, S.R. No. 748, dated September 15, 1965).

After carefully considering all the evidence of record, together with counsel's representations on appeal, the decision of the special inquiry officer will be affirmed. The respondent has been accorded the privilege of voluntary departure which is the maximum discretionary relief available to him in the premises. Accordingly, the following order will be entered.

**ORDER:** It is ordered that the appeal be dismissed.