MATTER OF PACO

In Exclusion Proceedings

A-17243619

*Decided by Board January 10, 1968*

Withdrawal, prior to an alien's application for admission to the United States, of the job offer on which a labor certification was issued to her, renders the alien inadmissible under section 212(a)(14) of the Immigration and Nationality Act, as amended.

EXCLUDABLE: Act of 1952—Section 212(a)(14) [8 U.S.C. 1182(a)(14)]—Entering to perform labor—No valid Labor Department certification.

The decision of a special inquiry officer of August 24, 1967 excluding applicant from admission to the United States has been certified to us for final decision by the District Director, Phoenix, Arizona.

Applicant, a 31-year-old married female alien, a native and citizen of Mexico, seeks admission to the United States to work and presented a nonquota immigrant visa issued to her on May 19, 1967, by the American Consul at Hermosillo, Sonora, Mexico. Applicant's admitted reason for coming to the United States was to perform work. Attached to her visa is an alien employment certification which shows that the Bureau of Employment Security, United States Department of Labor had certified her employment in the United States as required by section 212(a)(14) of the Immigration and Nationality Act. The sole question presented is whether on the basis of these documents applicant is entitled to enter the United States when information developed subsequent to the issuance of this said labor certification indicates that the job offer on the basis of which the labor certification was issued had been withdrawn. Does the fact that there is no job now available to applicant render the labor certification inoperative and thus forestall her entitlement to the nonquota immigrant visa?

We agree with the decision of a special inquiry officer that the withdrawal of the job offer prior to applicant's entry into the country negated the labor certification. There is evidence in the record that the

599

labor certification originally may have been obtained by certain misrepresentations made by a person acting on behalf of the prospective employer, but we need not concern ourselves with this since the job offer, whatever it was, has been withdrawn.

There is no error in refusing admission to the applicant to enter the United States. The change in events, that is, the withdrawal of the job offer, invalidates the previously issued labor certification and thus we will affirm the decision of a special inquiry officer excluding applicant from admission to the United States.

ORDER: It is ordered that the order of the special inquiry officer that applicant be excluded and deported from the United States be approved.

## ADDENDUM

### [Oral decision of special inquiry officer August 24, 1967]

Applicant is a 31-year-old married, female alien, a native and citizen of Mexico, who seeks admission to the United States to work. She has presented a nonquota immigrant visa issued to her on May 19, 1967, by the American Consul at Hermosillo, Sonora, Mexico (Exhibit No. 2). Attached to the said visa is a visa application in which the applicant states that she was going to enter the United States to work and going to the home of George T. Vaught in Yuma, Arizona, and that would be her permanent address in the United States. In Item No. 31(2)(d), the applicant states that she has an offer of work and can work. Item No. 33 of the said visa application shows that one Robert F. Wilson of 625-4th Avenue, Yuma, Arizona, assisted the applicant in its preparation.

Attached to the respondent's aforementioned visa application is an application for alien employment certification, Part B, Job Offer for Alien Employment, with signature thereon of the prospective employer, George T. Vaught, dated January 24, 1967, and therein the jurat showing that it was sworn to on the same date before the aforementioned Robert F. Wilson, Notary Public, at Yuma, Arizona. The said application for alien employment certification bears the stamp of the Regional Administrator, Bureau of Employment Security, dated February 6, 1967, showing that a determination was made thereon as required by section 212(a)(14) of the Immigration and Nationality Act, as amended, and it is stamped "certified", indicating that it had been determined as to availability of workers in the United States and that approval of applicant's job offer would have no adverse effect on wages and working conditions of workers in the United States similarly situated.

The prospective employer, Mr. Vaught, testified herein today that he was considering the employment for a temporary period only of a part-time domestic and part-time chicken-helper in connection with egg raising due to the very poor health of his wife, but that his wife died on April 11, 1967, at which time he informed the notary public aforementioned, Robert F. Wilson, that his wife had died and he would no longer require this houseworker. Mr. Vaught identified a letter dated May 1, 1967, bearing a notarial jurat of the same day and testified that the only part of that letter which was true and correct is his signature thereon and that the job offer contained in the body of the letter dated May 1, 1967, was not true and that there was no job open at the time and he would not pay $35 per week and the position would not be permanent. In other words, it appears from Mr. Vaught's testimony today that the notary public, Mr. Wilson, twisted the retraction of any offer of employment following the prospective employer's wife's death to a job offer. Mr. Vaught, the prospective employer, further identified his signature on an affidavit of support attached to the aforementioned job offer, and stated that he was induced to sign it upon the assurance of the notary public, Mr. Wilson, that it was all right for Mr. Vaught to sign it. Mr. Vaught further stated that the net annual income stated in Item 4 (B of the said affidavit of support) was not true and that the annual income shown on the aforementioned application for certification also was not true.'

It clearly appears from Mr. Vaught's testimony herein that he was induced to sign the aforementioned alien employment job offer for certification and the attached offer dated May 1, 1967, and the attached affidavit of support in blank by the notary public who handled the preparation of the said documents and applicant's visa application. Mr. Vaught further testified that he has only occasionally employed a domestic, about once every two weeks for several hours to clean his home and do some ironing.

Mr. Vaught's testimony was confirmed by the applicant's testimony. She frankly admitted that Mr. Vaught informed her that his wife was very ill and he didn't have much work for her, and such work that he had would be only for about six months he thought. She further testified that she has never worked regularly and washes and sews for her family, consisting of her husband and four children all of whom are natives, citizens, and residents of Mexico, and that she occasionally does this for relatives and acquaintances. Applicant further stated that her husband on one occasion sought to emigrate to the United States but his application was not granted.

Section 212(a) (14) of the Immigration and Nationality Act ex-

cludes from admission into the United States any alien seeking to enter for the purpose of performing skilled or unskilled labor unless the Secretary of Labor has determined and certified that there are not sufficient workers in the United States, able, willing, qualified, and available at the time of application for a visa and admission to the United States and at the place to which the alien is destined to perform such skilled or unskilled labor, and has further certified that the employment of such alien will not adversely affect wages and working conditions of workers of the United States similarly employed. The said section specifically applies to special immigrants defined in section 101(a) 27(A) other than the parents, spouses, or children of United States citizens or of aliens lawfully admitted to the United States for permanent residence.

It must be concluded on the basis of the evidence herein that the labor certificate attached to applicant's visa is not a valid labor certificate in that there is no job for the applicant to fill in accordance with the certification made by the Bureau of Employment Security, Department of Labor, on the basis of the job offer submitted by the aforementioned notary public apparently on behalf of the prospective employer. The said prospective employer has pointed out a number of misrepresentations in the job offer which vitiated it and invalidated it. In any event, there is no job within the terms of the labor certificate presently available to this applicant. Her application for admission must be denied in that it is found that the applicant is presently inadmissible to the United States under the provisions aforementioned of section 212(a) (14) of the Immigration and Nationality Act.

The foregoing discussion shall constitute my Findings of Fact and Conclusion of Law herein.

ORDER: It is ordered that the applicant be excluded and deported from the United States.