MATTER OF THOMPSON

In Deportation Proceedings

A-18180078

*Decided by Board August 29, 1968*

Deportability under section 241(a) (1), Immigration and Nationality Act, for lack of a valid section 212(a) (14) labor certification at entry is not sustained in the case of an alien who, acting in good faith, was admitted in possession of an immigrant visa based on a labor certification as a sleep-in domestic, who failed to obtain the employment with the prospective employer because it had been withdrawn the morning of the day of her arrival, and who obtained another job the following morning as a sleep-in domestic for which she secured a new labor certification. [*Matter of Paco*, 12 I. & N. Dec. 599, distinguished.]

CHARGE:

Order: Act of 1952—Section 241(a) (1) [8 U.S.C. 1251(a) (1)]—Excludable at entry—lacking certification required under section 212(a) (14), 1952 Act (8 U.S.C. 1182(a) (14)).

ON BEHALF OF SERVICE:  Newton T. Jones
                       Trial Attorney

The special inquiry officer found respondent deportable and granted her voluntary departure. He certified his order to the Board.

Respondent, a 32-year-old married female, a native and citizen of Jamaica, and an experienced domestic, received a certification from the Department of Labor that her entry for permanent residence to take employment in the Baltimore, Maryland area as a sleep-in domestic was authorized because sufficient workers were not available and her employment would not adversely affect workers similarly employed. The certification was dated December 5, 1967. Her visa was issued on March 8, 1968. Respondent arrived on March 13, 1968 at 6 P.M. and was admitted. The admitting immigrant inspector whom she asked to call her prospective employer was informed that the offer of employment had

1

been withdrawn that morning. The employment agency which had made the arrangement placed the respondent in another job as a sleep-in domestic the next morning and secured another labor certification for her. She is now employed as a sleep-in domestic.

The special inquiry officer found that respondent acted in good faith, and the equities were strong in her behalf; however, he is of the opinion that *Matter of Paco*, 12 I. & N. Dec. 599, required the respondent to be found deportable as charged. We believe that *Paco* is distinguishable and respondent is not deportable. *Paco* involved a sleep-in domestic whose offer of employment was withdrawn before she came to the United States, *and who did not find certifiable employment available*. (Her job offer may not have been a bona fide one, and there is an indication that she was aware of this.) In the instant case, there is no question but that the respondent acted in good faith; a job was available within the terms of the labor certificate, and she took such a job. The protection the law seeks to give American labor is no way compromised. Proceedings will be terminated.

ORDER: It is ordered that the special inquiry officer's order of July 22, 1968 be and the same is hereby withdrawn.

*It is further ordered* that the proceedings be and the same are hereby terminated.