## MATTER OF STEVENS

### In Deportation Proceedings

### A-13072128

*Decided by Board April 12, 1968*

Where an applicant for adjustment of status under section 245 of the Immigration and Nationality Act, as amended, subject to the labor certification requirements of section 212(a)(14) of the Act, is no longer employed by the employer who obtained the labor certification submitted in conjunction with her application, such certification is no longer valid for adjustment of status purposes and she is statutorily ineligible for the benefits of section 245 in the absence of a new certification.

CHARGE:

Order: Act of 1952—Section 241(a)(2) [8 U.S.C. 1251(a)(2)]—Remained longer, visitor.

ON BEHALF OF RESPONDENT:
Hiram W. Kwan, Esquire
1011 North Broadway
Los Angeles, California 90012
(Brief filed)

ON BEHALF OF SERVICE:
William S. Howell
Trial Attorney
(Brief filed)

The respondent, a native and citizen of Great Britain, appeals from an order entered by the special inquiry officer on December 6, 1967 granting her voluntary departure in lieu of deportation as an alien who after admission as a nonimmigrant visitor has remained longer than permitted (8 U.S.C. 1251(a)(2)). Exceptions have been taken to the denial of the respondent's application for an adjustment of her status to that of a permanent resident alien pursuant to section 245 of the Immigration and Nationality Act (8 U.S.C. 1255).

The respondent, a divorced female alien, 29 years of age, last entered the United States through the port of Blaine, Washington on or about July 3, 1961. She was admitted as a nonimmigrant visitor and thereafter authorized to remain in the United States until September 10, 1963. She has remained in the United States subsequent to September 10, 1963 and concedes that she is deportable as charged in the order to show cause.

694

The respondent has applied for an adjustment of her status to that of a permanent resident alien pursuant to the provisions of section 245 of the Immigration and Nationality Act. The application discloses that the respondent will have to engage in employment in the United States. As a nonpreference immigrant, the respondent is required to obtain a labor certification as a condition precedent for eligibility for relief under section 245 (*supra*) (8 U.S.C. 1182(a)(14)). A labor certification required by section 212(a)(14) of the Act was issued on July 14, 1967 based upon the respondent's employment as a domestic with James C. Thomas. A report of investigation conducted at Los Angeles, California dated September 29, 1967 together with a sworn statement executed by the respondent's former employer, James C. Thomas, on September 28, 1967 establishes, *inter alia*, that the respondent is no longer employed by him; that he had to let her go because there was not enough work for her; and that he desired to withdraw Form ES-575B previously submitted in the respondent's behalf. Since the respondent is no longer employed by the person who petitioned in her behalf for a labor certification, the certification is no longer of any validity in this proceeding and she requires a new certification. Accordingly, the respondent is not eligible under the law and regulations to status as a permanent resident alien at this time.

The respondent is the mother of a child born in the United States. Counsel in his brief moves for a remand of the case to the special inquiry officer for further hearing at such time as the respondent is able to secure a labor certification and adjust her status to that of a permanent resident alien. The trial attorney on the other hand maintains that the respondent neither warrants nor should be granted any further consideration inasmuch as there is a record of dilatory tactics on the part of the respondent dating back to September of 1961.

We have carefully reviewed the record together with the briefs of both counsel and the trial attorney. The fact that the respondent is the mother of a child born in the United States is of no aid to her in connection with her application for adjustment of status inasmuch as the child is under the age of 21 years. Counsel's request for further delay is speculative as there is no assurance that a labor certification will be issued. The appeal will be dismissed.

ORDER: It is directed that the appeal be and the same is hereby dismissed.