MATTER OF GONZALEZ-PORTILLO

In Deportation Proceedings

A-17166529

*Decided by Board June 12, 1969*

Where respondent, the alien spouse of a United States citizen, at the time of his admission for permanent residence had reason to believe that he would be successful in reviving his floundering marriage, the fact that after entry the marriage did not survive has no retroactive effect with regard to the labor certification exemption as the alien spouse of a citizen as of the time of his admission; hence, he is not deportable under section 241(a)(1) of the Immigration and Nationality Act, as amended, as one excludable at entry under section 212(a)(14) of the Act, since he was exempt from the presentation of a labor certification at the time of his entry for permanent residence.

CHARGES:

Order: Act of 1952—Section 241(a)(1) [8 U.S.C. 1251(a)(1)]—Excludable under section 212(a)(19), 8 U.S.C. 1182(a)(19), visa procured by fraud.

Act of 1952—Section 241(a)(1) [8 U.S.C. 1251(a)(1)]—Excludable under section 212(a)(20), 8 U.S.C. 1182(a)(20), invalid visa.

Act of 1952—Section 241(a)(1) [8 U.S.C. 1251(a)(1)]—Excludable at entry under section 212(a)(14), 8 U.S.C. 1182(a)(14), no valid labor certification.

The respondent, a native and citizen of El Salvador, has been found deportable under the provisions of section 241(a)(1) of the Immigration and Nationality Act as an alien who was excludable at the time of entry under the provisions of section 212(a)(20), in that he presented an invalid immigration visa and as an alien who was excludable at the time of entry under section 212(a)(14) of the Act, in that he did not possess a valid labor certification. The special inquiry officer found that the respondent was not subject to deportation under the provisions of section 241(a)(1), as a person who was excludable under the provisions of section 212(a)(19) for having procured his visa by fraud. The

order entered by the special inquiry officer on March 20, 1969, grants the respondent the privilege of voluntary departure in lieu of deportation and provides that if the respondent fails to depart when and as required, the privilege would be withdrawn and an order of deportation entered. The respondent appeals from this order.

The respondent is a male alien, 25 years of age, who originally entered the United States as a nonimmigrant on August 21, 1966. He married a United States citizen on October 30, 1966, and during March of 1967, he departed for Mexico to secure an immigration visa for permanent residence. He was issued a special immigrant visa by the United States Consul at Hermosillo, Sonora, Mexico on March 30, 1967. He reentered the United States on March 31, 1967, at San Ysidro, California, and was admitted for permanent residence upon presentation of the special immigrant visa.

The order to show cause charges in substance that the respondent secured his special immigrant visa by fraud or by wilfully misrepresenting a material fact, because prior to his application his citizen wife had informed him that she intended to terminate her marriage to the respondent, and he had ceased to reside with his citizen wife at the address in Santa Monica, California, set forth in the application for the visa. The order to show cause alleges that the respondent wilfully concealed the true facts of his marriage and residence from the United States Consul, because he then knew that he could not be issued an immigrant visa if the true facts were known. It is further alleged that at the time of the respondent's entry, he was entering for the purpose of performing unskilled labor in the United States and did not possess or present the required certification from the Secretary of Labor.

The evidence developed during the several hearings accorded the respondent has been fully set forth in the opinion of the special inquiry officer and will not be repeated in detail. Briefly, the evidence establishes that the respondent resided with his citizen wife from October 30, 1966 until the latter part of February 1967. He was notified by the Immigration Service that he was required to depart from the United States on or before February 26, 1967. The respondent's citizen wife testified that there had been marital difficulties prior to the respondent's departure to obtain his visa; that for three weeks during January 1967, she had lived separate and apart from the respondent; that they had reconciled and were living together during February of 1967; that the reconciliation was not successful; and that the respondent left

their apartment on February 28, 1967, because he had no choice as the immigration authorities were after him. The respondent testified that when he obtained his immigration visa, he considered the apartment where his wife resided as his permanent residence; that he intended to return to this apartment; and that when he was admitted he believed he had a reasonable chance of effecting a reconciliation with his wife. He further testified that following his return, he did see his wife for this purpose.

The Service maintains that the respondent made a false representation to the consul when he stated on his application for a visa that he was residing at the apartment of his wife in Santa Monica, California, and was returning to the United States to continue his maritial relationship with her, since he knew that his marriage was for all intents and purposes terminated. The special inquiry officer finds that the charge laid under section 212(a)(19) of the Act is not sustained, because there is affirmative evidence that the respondent believed that there was a possibility of a reconciliation with his wife, and that if this were achieved he would resume his residence at the address stated in his application for the visa. Accordingly, the misrepresentation was not wilfully made as required by the Act. We affirm the conclusion reached by the special inquiry officer.

The special inquiry officer finds the respondent deportable under the provisions of section 241(a)(1) of the Act in that at the time of entry he was excludable as an alien who was seeking to enter for the purpose of performing unskilled labor and in whose cause the Secretary of Labor had not made the certification required by section 212(a)(14) of the Act. The special inquiry officer reasons that at the time of the respondent's entry on March 31, 1967, there was no reasonable prospect of any resumption of the marital relationship with his citizen wife, nor any reasonable prospect of any immediate reconciliation, and accordingly the exemption conferred by section 212(a)(14) of the Act to the spouse of a citizen of the United States would not be effective in accomplishing the reuniting of a family. The special inquiry officer in support of this conclusion cites cases [1] based on the premise that exemptions from the quota requirements were granted by the Congress solely for the purpose of preserving the family unit and that such benefits are conferred only where it will serve this purpose.

---

[1] *Matter of Lew*, 11 I. & N. Dec. 148 (D.D., 1965); *Scalzo v. Hurney*, 225 F. Supp. 560 (E.D. Pa., 1963), aff'd 338 F.2d 339 (3 Cir., 1964); *Matter of M—*, 8 I. & N. Dec. 217 (BIA, 1958).

We agree with the special inquiry officer that his basic assumption is correct, namely, that Congress provided a waiver of the labor certification requirements for an alien spouse of a United States citizen in order to facilitate the preservation of the family unit. However, we doubt that Congress, when it enacted the waiver provisions in section 212(a)(14), intended that this bounty should be rescinded and become unavailable to an alien spouse of a United States citizen who at the time of entry had reason to believe that he would be successful in reviving a floundering marriage which, according to the evidence before us, appears to have been contracted in good faith and which had subsisted until shortly before his departure to obtain a special immigration visa.

The testimony of the respondent's wife lends support to his claim that he had a reasonable chance of effecting a reconciliation upon his return with a permanent residence visa. She testified that she told the respondent prior to his departure for Mexico that if he secured an immigration visa for permanent residence "the marriage would have worked" (p. 22). She further testified that she was in love with the respondent when she married him (p. 18); that she had every intention of "trying to make the marriage work" (p. 18); and that they "contributed to each others support" (p. 29). Furthermore, it is apparent from the testimony of the respondent's wife that when he saw her the latter part of March 1967 prior to his reentry for permanent residence on March 31, 1967, they discussed matters concerning their reconciliation (pp. 31–34).

It is our position that the fact that the respondent was unsuccessful in resuming marital relations with his wife after entry should not retroactively affect his status with regard to the labor certification requirement at the time of entry since it is the time of entry which controls, *Matter of Paco*, 12 I. & N. Dec. 599 (BIA, 1968). We find nothing in the statute or its legislative history which supports a conclusion that Congress intended that a labor certification exemption would become unavailable to the spouse of a United States citizen at the time of entry if at that time there is an affirmative showing that the applicant's marriage to a United States citizen has a reasonable chance of continuing. The fact that after entry it is established that the marriage did not survive has no retroactive effect with regard to a labor certification exemption for an alien spouse of a United States citizen as of the time he was admitted for permanent residence. Under the circumstances, we find the charge laid under section

312

241(a) (1) and 212(a) (14) of the Act not sustained since the respondent was exempt from the presentation of a labor certification at the time of his entry on March 31, 1967.

The order to show cause charges that the respondent was excludable at the time of entry because he did not present a valid immigration visa (sections 241(a) (1) and 212(a) (20), Immigration and Nationality Act). The special inquiry officer concludes that this charge is not sustained insofar as fradulent procurement is concerned since he did not find that the visa was obtained by a wilful and material misrepresentation to the United States Consul in Mexico. He did sustain the charge however, on the ground that it was not a valid immigration visa because it was not supported by a labor certification when issued. Since we have found that the respondent was exempt from the presentation of a labor certification at the time of his entry for permanent residence on March 31, 1967, the charge must fall.

An appropriate order will be entered terminating the proceeding.

**ORDER:** It is caused that the proceeding under the order to show cause issued on January 29, 1969 be and the same is hereby terminated.