## MATTER OF DANQUAH

### In Deportation Proceedings

A-20749285

A-20749286

*Decided by Board April 19, 1977*

(1) Respondents who are husband and wife applied in reopened deportation proceedings for adjustment of status under section 245 of the Immigration and Nationality Act based on issuance of a labor certification to the female respondent as an African Specialty Cook. The application of the husband is dependent on that of his wife. The immigration judge denied the applications on the ground that the labor certification issued to the female respondent was no longer valid since she had left the employment specified in the labor certification.

(2) Female respondent had received two labor certifications as an African Specialty Cook. From October 1975 to March 26, 1976, she was employed in the capacity specified in her labor certification at the second establishment. She was forced to cease her employment March 26, 1976, temporarily for emergency surgery and hospitalization. She attempted to return to her employment May 5, 1976, but did not do so because her employer was only operating on a part-time basis, would not pay her the agreed-upon wage, and had not remodeled the kitchen area as promised.

(3) An application for adjustment of status filed under section 245 of the Act is assimilated to an application for an immigrant visa made to consular officer abroad. An applicant for a visa overseas, whose offer of employment on which the labor certification was based was withdrawn, could no longer base his visa application on that labor certification. Similarly, an applicant for adjustment of status, who is no longer employed in the position for which the labor certification was granted, is not eligible for an immigrant visa based on that labor certification. The immigration judge properly denied respondents' applications.

(4) *Matter of Stevens*, 12 I. & N. Dec. 494 (BIA 1968) reaffirmed.

CHARGE:

Order: Act of 1952—Section 241(a)(2) [8 U.S.C. 1251(a)(2)]—Nonimmigrant visitor—remained longer (both respondents)

ON BEHALF OF RESPONDENTS: Joseph F. O'Neil, Esquire
116 Lincoln Street
Boston, Massachusetts 02111

BY: Milhollan, Chairman; Wilson, Maniatis, and Appleman, Board Members

The respondents, husband and wife, were found deportable under section 241(a)(2) of the Immigration and Nationality Act, as temporary

visitors who had overstayed the terms allowed in their visas, on June 26, 1975, and were granted the privilege of voluntary departure. On November 4, 1975, we dismissed an appeal from that decision. On August 9, 1976, the District Director denied their application for a stay of deportation. On September 9, 1976, we ordered the reopening of proceedings to allow consideration of an application by each of the respondents for adjustment of status under section 245 of the Act, based upon a labor certification which had been granted to the female respondent. At the reopened hearing on November 15, 1976, the immigration judge denied adjustment of status to both respondents on the ground that the female respondent's labor certification was no longer valid, and the application of the male respondent depended directly upon the success of the female's application. The respondents now appeal from the denial of adjustment of status. The appeal will be dismissed.

The respondents are natives and citizens of Ghana. The female respondent was accorded a labor certification by the Department of Labor in October, 1975 as an African Specialty Cook. On March 3, 1976, she obtained a second labor certification for another establishment, also as an African Specialty Cook. The respondent was employed in the capacity specified on her labor certification at the second establishment from December 1975 until March 26, 1976, when she was forced to cease employment temporarily upon being hospitalized on an emergency basis for surgery. The respondent was discharged from hospitalization on May 5, 1976, and immediately sought to resume her employment. However, she testified at the hearing that upon her return, her employer was only operating on a part-time basis, would not agree to pay her the agreed-upon wage, and had not effected various renovations of the kitchen area as promised. The respondent therefore did not return to work at the restaurant. She also testified at the hearing that she had accepted no other employment since the termination of her work at the restaurant, and that she was willing to resume employment in her former position if that job were again offered to her.

In *Matter of Stevens*, 12 I. & N. Dec. 694 (BIA 1968), we held that an applicant for adjustment of status under section 245 of the Act who was subject to the labor certification requirements of section 212(a)(14) of the Act, and who was no longer employed by the employer who had petitioned for the labor certification, was no longer in possession of a valid labor certification. The facts in the instant case fall directly within that holding.

Respondent's counsel, however, cites to the line of cases in which we have held that an alien who has been accorded lawful permanent resident status on the basis of a labor certification secured abroad in good faith, and who has for various reasons failed to accept or retain the designated employment after his arrival in the United States, is not

subject to deportation for the lack of a valid labor certification. See *Matter of Cardoso*, 13 I. & N. Dec. 228 (BIA 1969); *Matter of Marcoux*, 12 I. & N. Dec. 827 (BIA 1968); *Matter of Klein*, 12 I. & N. Dec. 819 (BIA 1968). Counsel argues that we should extend the rationale of these cases to the present facts, and hold that an applicant for adjustment of status who, for justifiable reasons, has ceased the employment upon which her labor certification was based is nonetheless eligible for adjustment of status. For the following reasons, we decline to extend the rationale of these decisions to the facts of this case.

Counsel would have us assimilate the female respondent in this case to the alien who has been accorded an immigrant visa overseas based upon a labor certification, and who has traveled to the United States only to find upon arrival that his offer of employment is no longer open, or that the employment is justifiably unsatisfactory. The analogy, however, is not well drawn. Counsel misperceives the position of an applicant for adjustment of status. An application for adjustment of status is assimilated to an application for an immigrant visa made to a consular officer abroad. *Matter of Mirza*, 11 I. & N. Dec. 756 (BIA 1966). While an applicant for adjustment of status is admittedly already present in the United States at the time of his application for an immigrant visa, such presence should not be allowed to place the applicant in a better legal position than one who applies for an immigrant visa overseas. To do so would reward those who, as in this case, have abused their nonimmigrant visas, or who have entered this country illegally, at the expense of those aliens overseas who desire admission but seek such admission in the legally prescribed manner.

It is well settled that an applicant for admission overseas whose offer of employment, upon which his labor certification is based, has been withdrawn prior to the grant of an immigrant visa may no longer base his application on that labor certification. See *Matter of Paco*, 12 I. & N. Dec. 599 (BIA 1968). We decline to place the applicant for adjustment of status in a better position than one who applies for admission at an overseas consulate. We shall therefore affirm the validity of *Matter of Stevens, supra*, and hold that an applicant for adjustment of status no longer employed in the position for which his labor certification was granted is not eligible for an immigrant visa based upon that labor certification. Accordingly, the appeal of the female respondent will be dismissed. Since the application of the male respondent is directly dependent upon the success of the application of his wife, his appeal will also be dismissed.

ORDER: The appeal is dismissed.

FURTHER ORDER: Pursuant to the immigration judge's order, the respondents are permitted to depart from the United States voluntarily within 30 days from the date of this order or any extension beyond that

time as may be granted by the District Director; and in the event of failure so to depart, the respondents shall be deported as provided in the immigration judge's order.