MATTER OF TIEN

In Deportation Proceedings

A-20608797

*Decided by Board July 24, 1980*

(1) Once an alien ceases to work for the employer that obtained the labor certification submitted in conjunction with his application for adjustment of status, that adjustment application will normally be deemed abandoned. *Matter of Stevens,* 12 I&N Dec. 694 (BIA 1968), and *Matter of Danquah,* 16 I&N Dec. 191 (BIA 1977), reaffirmed.

(2) When the underlying basis for an alien's application for adjustment of status has ceased to exist, the application is deemed abandoned and the alien is no longer exempted by the filing of that application from the bar of section 245(c)(2) of the Immigration and Nationality Act, 8 U.S.C. 1255(c)(2), should he thereafter engage in unauthorized employment that did not and could not support his adjustment application.

(3) Where respondent worked without Service permission as a house painter after the effective date of the section 245(c)(2) bar, the fact that he filed an application for adjustment of status three years earlier based upon his certified employment as a specialty cook does not save him from the operation of the bar, that application having been abandoned when he left his certified employer.

(4) Fact that respondent resumed the certified employment upon which his adjustment application was predicated, subsequent to the deportation hearing, while relevant to an inquiry whether he might presently establish eligibility for an immigrant visa, is immaterial to the determination whether his intervening employment as a house painter without Service permission places him within the ambit of the section 245(c)(2) bar to adjustment of status.

CHARGE:

Order: Act of 1952—Sec. 241(a)(2) [8 U.S.C. 1251(a)(2)]—Nonimmigrant—remained longer than permitted

ON BEHALF OF RESPONDENT: Mark A. Mancini, Esquire
1707 H Street, N.W.
Washington, D.C. 20006

BY: Milhollan, Chairman; Maniatis, Appleman, Maguire, and Farb, Board Members

In a decision dated March 1, 1979, an immigration judge found the respondent deportable as charged pursuant to section 241(a)(2) of the Immigration and Nationality Act, 8 U.S.C. 1251(a)(2), denied his appli-

cation for adjustment of status pursuant to section 245 of the Act, 8 U.S.C. 1255, but granted him the privilege of voluntary departure in lieu of deportation. Deportability has been conceded and the only issue raised on appeal concerns the immigration judge's denial, as a matter of law, of the respondent's application for relief from deportation under section 245. The appeal will be dismissed.

The relevant facts may be summarized as follows. On January 14, 1974, the respondent filed his application for adjustment of status with the District Director, accompanied by a sixth-preference visa petition which, in turn, was supported by a labor certification that had been issued by the Department of Labor in November 1973 for employment as a specialty cook at the Blue Hawaii Restaurant in Hampton, Virginia. The respondent worked at the Blue Hawaii from January 1974 to January 1975 and again from October 1975 to December 1976. The District Director denied the visa petition based upon that certified employment in September 1976 for reasons not developed in the record. In February 1977, the respondent began work at the Toy Poy Chinese Restaurant in Jackson, Mississippi, again as a specialty cook. A labor certification predicated upon that employment was issued in March 1977; the respondent's new certified employer thereupon, in April 1977, filed a sixth-preference visa petition on his behalf. The respondent remained employed at the Toy Poy until the end of 1977. Sometime thereafter, the restaurant went out of business and its visa petition on the respondent's behalf was denied for that reason in May 1978. After he left the Toy Poy, the respondent moved to Houston, Texas, where he worked as a house painter on a subcontract basis to the time of the deportation hearing in March 1979.

In order to qualify for adjustment of status under section 245, an alien must apply for adjustment, establish that he is eligible to receive an immigrant visa and is admissible to the United States for permanent residence, and that an immigrant visa is immediately available to him. At the hearing, the respondent conceded that he was not then working at the Blue Hawaii Restaurant, the certified employment that supported his application for adjustment of status, but explained that he had been invited to resume his employment by the manager of the restaurant and that the job offer which served as the basis of his adjustment application therefore remained open to him. He argued that he was entitled to renew his adjustment application, originally filed with the District Director in January 1974,[1] and notwithstanding the denial of the sixth-preference visa petition filed on his behalf by the Blue Hawaii, could satisfy the visa eligibility requirement of section 245 as a nonpreference applicant on the basis of the

[1] See 8 C.F.R. 245.2(a)(4); Matter of Huang, 16 I&N Dec. 358 (BIA 1977 and 1978).

underlying labor certification issued for that employment.

The immigration judge determined that the respondent was precluded on two separate grounds from establishing statutory eligibility for relief under section 245. First, the immigration judge found the respondent's case governed by the rule set forth in *Matter of Stevens*, 12 I&N Dec. 694 (BIA 1968), reaffirmed in *Matter of Danquah*, 16 I&N Dec. 191 (BIA 1977), which provides that an applicant for section 245 relief who is no longer employed in the position for which his labor certification was granted is not eligible for an immigrant visa, and hence for adjustment of status, based upon that certification. He additionally found the respondent precluded from establishing eligibility for adjustment by the unauthorized employment bar of section 245(c)(2) of the Act, 8 U.S.C. 1255(c)(2), by reason of his employment as a house painter. Inasmuch as we agree that section 245(c)(2) bars adjustment in this case, we need not reach the alternative basis for the immigration judge's decision.

In October 1976, section 245 of the Immigration and Nationality Act was amended to provide, in pertinent part:

(c) The provisions of this section shall not be applicable to ... (2) an alien (other than an immediate relative as defined in section 201(b) of this title) who hereafter continues in or accepts unauthorized employment prior to filing an application for adjustment of status...[1]

The fact that the respondent worked as a house painter after the January 1, 1977, effective date of the section 245(c)(2) bar is undisputed. The respondent concedes that he never had authorization to work in this country.[2] He insists, however, that section 245(c)(2) is inapplicable by its express terms since he filed an application for adjustment of status almost three years prior to the effective date of the statute. The respondent's contention, at first glance appealing, must be rejected.

Once an alien ceases to work for the employer that obtained the labor certification submitted in conjunction with his application for adjustment of status, the adjustment application based upon that certification may no longer be approved, at least so long as the break in employment continues. *Cf. Matter of Stevens, supra; Matter of Danquah, supra.* When the respondent terminated his employment at the Blue Hawaii Restaurant, he effectively abandoned his application for adjustment of status inasmuch as no basis for adjustment then existed.

It is apparently the respondent's position that once an alien has filed

---

[1] 1976 Amendments to the Immigration and Nationality Act, Pub. L. 94-571, 90 Stat. 2703 (effective January 1, 1977).

[2] The issuance of a labor certification does not operate to authorize an alien's employment. *Matter of Raol,* 16 I&N Dec. 466 (BIA 1978). In any event, no labor certification was sought in connection with the employment at issue.

an application for adjustment of status, he is forever immunized from the unauthorized employment bar of section 245(c)(2) regardless of the status of that adjustment application or his subsequent employment history. We are confident that Congress did not intend such result and accordingly hold that when the underlying basis for an alien's application for adjustment of status has ceased to exist, the alien is no longer exempted by the filing of that application from the section 245(c)(2) bar and is subject to the consequences of the bar should he thereafter engage in unauthorized employment that did not and could not support his adjustment application.

The meager legislative history of section 245(c)(2), as amended, provides little or no guidance with respect to the precise issue before us.[4] We are satisfied, however, that our holding best serves the manifest purpose underlying the enactment of the section 245(c)(2) bar, namely, to deter nonimmigrants from obtaining unauthorized employment in violation of the conditions of their admission. Moreover, our holding is consonant with the longstanding Service practice of authorizing the employment of adjustment applicants *during the pendency of their applications*, a practice Congress may well have intended to codify in enacting section 245(c)(2). Immigration and Naturalization Service Operations Instruction 245.9.[5] *See generally Marin v. Smith*, 376 F.Supp. 608 (D. Conn. 1974). An application for adjustment of status that can no longer be approved will not continue to be regarded as "filed" within the meaning of section 245(c)(2).

The respondent worked without Service permission as a house painter after the effective date of the unauthorized employment bar of section 245(c)(2). The fact that he filed an application for adjustment of status in January 1974, based upon his certified employment at the Blue Hawaii Restaurant does not save him from the operation of the bar, that application having been abandoned by the time he began work as a house painter, nor could his employment as a house painter itself serve as the basis of his adjustment application since no labor certification had been issued in connection with that employment. 8 C.F.R. 245.1(e). The bar of section 245(c)(2) therefore applies and the respondent is precluded by his unauthorized employment as a house

---

[4] H.R. Rep. No. 94-1553, 94th Cong., 2d Sess. (Sept. 15, 1976), reprinted in 1976 U.S. Code Cong. & Ad. News 6073, 6084.

[5] Operations Instructions 245.9 provides in full:

During the time any application for status as a permanent resident is pending, the applicant's Form I-94, upon request, may be noted "EMPLOYMENT AUTHORIZED—ADJUSTMENT APPLICANT." However, if the application must be returned to the applicant for any reason, such as when a required visa petition has not been submitted or cannot be approved upon initial review, the Form I-94 shall not be so noted.

painter from establishing statutory eligibility for adjustment of status.

Finally, we note that on January 16, 1980, subsequent to the deportation hearing, the respondent resumed his duties at the Blue Hawaii Restaurant, the certified employment upon which his adjustment application was predicated. While relevant to an inquiry whether the respondent might presently establish eligibility for an immigrant visa, that fact is immaterial to the determination whether his intervening employment as a house painter without Service permission places him within the ambit of the section 245(c)(2) bar to adjustment of status.

ORDER: The appeal is dismissed.

FURTHER ORDER: The respondent is permitted to depart from the United States voluntarily within 30 days from the date of this order or any extension beyond that time as may be granted by the District Director; in the event of failure so to depart, the respondent shall be deported as provided in the immigration judge's order.