MATTER OF JO

In Deportation Proceedings

A-19747887
A-19747886

*Decided by Board July 22, 1975*

Application made during the course of deportation proceedings for adjustment of status to lawful permanent residence under section 245 of the Immigration and Nationality Act, as amended, as a nonpreference immigrant based on a claim to exemption from the labor certification requirement under the provisions of 8 CFR 212.8(b)(4) as an investor, may not be regarded as a renewal of an earlier application but must be regarded as a new application for adjustment of status where the earlier application was denied and the present claim to investor status is predicated on a new business enterprise.

CHARGE:

Order: Act of 1952—Section 241(a)(2) [8 U.S.C. 1251(a)(2)]—Nonimmigrant—remained longer (both respondents)

ON BEHALF OF RESPONDENTS:  
Kie-Young Shim, Esquire  
77 W. Washington Street  
Chicago, Illinois 60602

ON BEHALF OF SERVICE:  
Olga M. Springer  
Trial Attorney

This is an appeal from a decision of an immigration judge, dated July 31, 1974, finding the respondents deportable, denying their applications for adjustment of status under section 245 of the Immigration and Nationality Act, and granting them the privilege of voluntary departure. The appeal will be dismissed.

The respondents, husband and wife, are aliens who are natives and citizens of Korea. They both entered the United States on June 10, 1972. The male respondent was authorized to remain until July 10, 1973 as a nonimmigrant student. The female respondent was admitted as a nonimmigrant visitor authorized to remain until December 10, 1972. Both respondents have remained beyond the periods authorized. They have admitted the factual allegations of the order to show cause and have conceded deportability.

The male respondent seeks adjustment of status to lawful permanent resident under section 245 of the Act. He seeks such status as a nonpreference immigrant who is exempt from the requirement of obtaining

a labor certification as an "investor". See 8 CFR 212.8(b)(4). The female respondent's status is dependent on her husband's eligibility.

The male respondent originally submitted an application for adjustment of status to the district director on October 17, 1972. At the time of the submission, nonpreference visa numbers for Korea were current. His claim to exemption from the labor certification requirement of section 212(a)(14) of the Act was predicated on his investment in a partnership which imported and distributed foodstuffs. On August 30, 1973, the district director denied the male respondent's application on the ground that he was not entitled to investor status because the partnership in which he was engaged had been dissolved in December of 1972. The male respondent concedes that the district director's conclusion was correct.

On November 1, 1973, the male respondent submitted a Form I-526, Request for Determination That Prospective Immigrant Is An Investor. This form indicates that the respondent had invested in a new business and was apparently submitted with the intention that the application for adjustment of status would be renewed. On February 2, 1974, counsel for the respondent submitted a motion to the district director to reopen and reconsider the application for adjustment of status. It does not appear from the record that any action was taken on either of these submissions.

An alien without a priority date who is seeking adjustment as a nonpreference immigrant may "file" his application on Form I-485 if visa numbers for the country of his nationality are current. See 8 CFR 245.2(a)(2). 8 CFR 245.1(g)(2) provides that the date of "filing" will become the priority date if it is established that the nonpreference applicant is exempt from the labor certification requirements of section 212(a)(14) of the Act. The district director denied the respondent's application on the ground that he was not exempt from the labor certification requirements of the Act. Accordingly, the respondent did not establish a priority date as of October 17, 1972, the date of submission, because he did not satisfy all the requirements of 8 CFR 245-.1(g)(2).

We regard the respondents's present application not as a renewal of his earlier application, but as a new application for adjustment of status because the original application was denied and the present claim to investor status is predicated on a new business. The earliest point in time that the present application can be viewed as having been submitted is November 1, 1973, the date the Form I-526 was submitted to the district director.

At this time the male respondent is ineligible for adjustment of status because according to the Visa Bulletin of the State Department for July 1975, a visa is not immediately available to him; nor has he established a

priority date with respect to his present application since visas have not been current for nonpreference Koreans since May, 1973. The decision of the immigration judge was correct. We note that the respondents could have submitted their application to a consular official as provided in 8 CFR 245.2(a)(2) and, if exempt from obtaining a labor certification, thereby have established a priority date.

[1] ORDER: The appeal is dismissed.

*Further order:* Pursuant to the immigration judge's order, the respondents are permitted to depart from the United States voluntarily within 61 days from the date of this order or any extension beyond that time as may be granted by the district director; and in the event of failure so to depart, the respondents shall be deported as provided in the immigration judge's order.

[1] Board Member Irving A. Appleman abstained from consideration of this case.