David PEI–CHI TIEN, Petitioner,

v.

IMMIGRATION AND NATURALIZA-
TION SERVICE, Respondent.

No. 80–1955
Summary Calendar.

United States Court of Appeals,
Fifth Circuit.
Unit A

March 12, 1981.

Wasserman, Orlow, Ginsberg & Rubin,
Mark A. Mancini, Thomas A. Elliot, Wash-
ington, D. C., for petitioner.

Benjamin R. Civiletti, Atty. Gen., U. S.
Dept. of Justice, Philip Wilens, Chief Govt.
Reg. & Labor Sec., Eric Fisher, James P.
Morris, Stephen M. Weglian, Attys., Crim.
Div., U. S. Dept. of Justice, Washington, D.
C., for respondent.

Edwin Chauvin, Jr., Dist. Director, INS, New Orleans, La., Paul B. O'Neill, Houston, Tex., for other interested parties.

Before POLITZ, TATE and SAM D. JOHNSON, Circuit Judges.

TATE, Circuit Judge:

The petitioner, David Pei-Chi Tien, a native and citizen of the Republic of China, appeals from a Board of Immigration Appeals order denying him relief from deportation on the basis that he was statutorily ineligible for an adjustment of alien status from nonimmigrant visitor to permanent resident. Section 245, Immigration and Nationality Act, 8 U.S.C. § 1255. We hold that the Board erred as a matter of law in denying the requested relief and reverse the Board's order.

*Factual and Procedural Setting*

David Pei-Chi Tien entered the United States at Honolulu, Hawaii, on June 21, 1973, as a nonimmigrant visitor for business. He was authorized to remain in this country at his entry status until January 20, 1974. On January 14, 1974, in order to avoid deportation under the terms of his admission to the United States, Tien filed with the district director of the Immigration and Naturalization Service (INS) an application for an adjustment of status to

that of a permanent resident, as authorized by section 245(a) of the Immigration and Nationality Act, 8 U.S.C. § 1255(a).[1] Tien requested a sixth preference visa on the basis of his qualification as a Chinese specialty cook, see section 203(a)(6), 8 U.S.C. § 1153(a)(6) (1970),[2] and, as required by section 212(a)(14), 8 U.S.C. § 1182 (a)(14) (1970),[3] obtained a labor certification issued by the Department of Labor in November 1973, which was supported by evidence of an offer of employment from the Blue Hawaii Restaurant in Hampton, Virginia.

Tien was employed with the Blue Hawaii Restaurant from January 1974 to January 1975, and from October 1975 to December 1976. On September 9, 1976, over two and one-half years after the filing of the application, the district director denied Tien's application for an adjustment of status, without giving written reasons for the denial.

Tien thereafter worked as a Chinese specialty cook at the Toy Poy Restaurant in Jackson, Mississippi. This period of employment extended from February 1977 to approximately the end of that year. On April 21, 1977, Tien again applied for an adjustment of status to a sixth preference permanent resident alien. He included with his application a labor certification issued by the Department of Labor on March 28, 1977, which was supported by

1. Section 245(a), as amended in 1976, reads as follows:

   The status of an alien who was inspected and admitted or paroled into the United States may be adjusted by the Attorney General, in his discretion and under such regulations as he may prescribe, to that of an alien lawfully admitted for permanent residence if (1) the alien makes an application for such adjustment, (2) the alien is eligible to receive an immigrant visa and is admissible to the United States for permanent residence, and (3) an immigrant visa is immediately available to him at the time his application is filed.

2. The section provides for the allocation of visas "to qualified immigrants who are capable of performing specified skilled or unskilled labor, not of a temporary or seasonal nature, for which a shortage of employable and willing persons exists in the United States." This cat-

egory of aliens holds a sixth preference status in terms of the allotment of available visas.

3. Aliens seeking to enter the United States for the purpose of performing skilled or unskilled labor are ineligible for visas and excluded from admission

   unless the Secretary of Labor has determined and certified to the Secretary of State and to the Attorney General that (A) there are not *sufficient workers in the United States who* are able, willing, qualified, and available at the time of application for a visa and admission to the United States and at the place to which the alien is destined to perform such skilled or unskilled labor, and (B) the employment of such aliens will not adversely affect the wages and working conditions of the workers in the United States similarly employed.

   Section 212(a)(14).

evidence of a job offer as a Chinese specialty cook from the Toy Poy Restaurant. The application was properly denied by the INS district director on May 4, 1978, since the Toy Poy Restaurant had by that time gone out of business.

Following the termination of his employment at the Toy Poy Restaurant, Tien worked as a house painter in Houston, Texas, during the year 1978. The record does not indicate that Tien worked in any other capacity after 1978.[4]

At a deportation hearing held on March 1, 1979, before an INS immigration judge, Tien conceded deportability on the basis of his stay in the United States beyond January 20, 1974. However, he requested relief from deportation by attempting to renew his 1974 application for adjustment of status. The immigration judge denied the relief, and the Board of Immigration Appeals affirmed this decision on appeal on the basis that Tien had abandoned the 1974 application and, therefore, had engaged in unauthorized employment in 1978 prior to the filing of a new application in violation of section 245(c).[5]

On appeal of the Board's decision, the petitioner argues: (1) his termination of employment at the Blue Hawaii Restaurant did not render his 1974 adjustment application abandoned, and, therefore, (2) his unauthorized employment *subsequent* to the filing of the 1974 adjustment application did not preclude his eligibility for adjustment under section 245(c).

*Statutory and Regulatory Framework*

An alien having a residence in a foreign country who desires to visit the United States temporarily for business or pleasure may be admitted as a nonimmigrant under conditions prescribed by the Attorney General. See sections 101(a)(15)(B) and 214(a) of the Immigration and Nationality Act, 8 U.S.C. § 1101(a)(15)(B) and § 1184(a); 8 C.F.R. § 214.1 et seq.[6] Once admitted to the United States, the nonimmigrant alien may apply for an adjustment of status to that of an alien lawfully admitted for permanent residence. Section 245, 8 U.S.C. § 1255. A nonimmigrant alien applicant for adjustment of status is assimilated to the position of an applicant for entry and, therefore, must comply with all but the documentary requirements for entry. See 2 C. Gordon & H. Rosenfield, Immigration Law and Procedure, § 7.7e at 7–95 (1980); 8 C.F.R. 245.5. See also *Yui Sing Tse v. Immigration and Naturalization Service*, 596 F.2d 831 (9th Cir. 1979). Thus a nonimmigrant alien seeking adjustment of status under section 245 for the purpose of performing skilled or unskilled labor must satisfy the certification requirements of section 212(a)(14), 8 U.S.C. § 1182(a)(14), applicable to aliens seeking admission to the United States. 8 C.F.R. § 212.8.

In addition to satisfying alien entry requirements, a nonimmigrant alien already in this country must not be statutorily ineligible for adjustment of status. Prior to the 1976 amendments to the Act, the statutory disqualifications were largely limited to certain groups of aliens. See 2 C. Gordon & H. Rosenfield, *supra*, § 7.7b at 7–76—7–83. In 1976, section 245(c), 8 U.S.C. § 1255(c) was amended, effective January 1, 1977, to add a new disqualification precluding adjustment of status of any alien (other than an immediate relative) who continues in or accepts unauthorized employment *prior* to filing an application for adjustment of status. See 2 C. Gordon & H. Rosenfield, *supra*, § 7.7(b) at 7–81.

---

**4.** The Board of Immigration Appeals noted in its decision on appeal affirming the immigration judge that on January 16, 1980, subsequent to the March 1, 1979, deportation hearing, Tien resumed his employment at the Blue Hawaii Restaurant.

**5.** Section 245(c), as amended in 1976, effective January 1, 1977, provides in part:

The provisions of this section [allowing for adjustment of status] shall not be applicable to ... (2) an alien ... who hereafter continues in or accepts unauthorized employment prior to filing an application for adjustment of status ....

**6.** Unless otherwise indicated, the C.F.R. sections cited were unchanged in text where significant to the disposition of the present case between 1974, when the petitioner filed his application for adjustment, and the present date.

Once the alien applicant complies with the entry requirements, and is not found disqualified by statute, the Attorney General, within his discretion, may adjust the status of the nonimmigrant alien to that of a permanent resident. Section 245(a), 8 U.S.C. § 1255(a).

*Standard of Review*

■■ The Board's finding that Tien is statutorily ineligible for adjustment of status is subject to review on appeal for errors of law. *Ka Fung Chan v. Immigration and Naturalization Service*, 634 F.2d 248 (5th Cir. 1981). However, the Board's interpretation of Immigration and Naturalization Service agency regulations should be given controlling weight unless it is plainly erroneous or inconsistent with the regulations. *Id.* See also *United States v. Larionoff*, 431 U.S. 864, 872, 97 S.Ct. 2150, 2155, 53 L.Ed.2d 48 (1977), quoting *Bowles v. Seminole Rock Co.*, 325 U.S. 410, 65 S.Ct. 1215, 89 L.Ed. 1700 (1945).

*The Issue of Abandonment of the January 14, 1974 Adjustment Application*

At the March 1, 1979, deportation hearing, Tien attempted to renew his January 14, 1974 adjustment application, pursuant to 8 C.F.R. § 245.2(a)(4).[7] The immigration judge denied Tien's renewal of adjustment application on two bases: (1) Tien's unauthorized employment as a painter after January 1, 1977, precluded adjustment under section 245(c), and (2) the labor certification supporting adjustment was invalid since, at the time of the attempted renewal at the deportation hearing, Tien was no longer working at the Blue Hawaii Restaurant.

On appeal, the Board of Immigration Appeals upheld the denial of adjustment of status on the basis of statutory preclusion. The Board reasoned that Tien's termination of his employment at the Blue Hawaii Restaurant effectively resulted in the abandonment of his 1974 application for adjustment since the basis for that adjustment—the labor certification issued pursuant to the offer of employment as a Chinese specialty cook from the Blue Hawaii Restaurant—could no longer be approved. With the abandonment of the 1974 application Tien had no application for adjustment *filed* at the time of his unauthorized employment as a painter in 1978.[8] Applying amended section 245(c) to Tien's actions occurring after the January 1, 1977, effective date, the Board concluded that Tien was statutorily ineligible for adjustment due to his unauthorized employment prior to the filing of what was considered a new application for adjustment made at the deportation hearing.

■ Recognizing the deference normally accorded by the reviewing court to an agency interpretation of its own regulations, we must nevertheless reject the Board's reasoning as applied to the instant case. Our conclusion that the Board erred as a matter of law in its application of the pertinent statutes and regulations is dictated by prior Board decisions as well as the clear language of the applicable provisions.

■ Relying on the Board's decision in *Matter of Huang*, 16 I & N Dec. 362.1 (BIA 1978), this circuit recently noted that, as a general rule, an adjustment application resubmitted before the immigration judge at deportation proceedings constitutes a renewed rather than a new adjustment application, *Ka Fung Chan v. Immigration and Naturalization Service, supra*, 634 F.2d at 248, at 2626–2627. The nonimmigrant alien's right to renew an application previously denied by the district director is also provided for by INS regulation. 8 C.F.R. § 245.2(a)(4).

However, in light of the nonimmigrant alien's assimilation to the position of an

---

**7.** Section 245.2(a)(4) provides in part: Except as otherwise provided in this subparagraph, no appeal shall lie from the denial of an application by the district director but such denial shall be without prejudice to the alien's right to renew his application in proceedings under Part 242 of this chapter [proceedings to determine deportability of aliens in the United States] . . . .

**8.** Tien's 1977 adjustment application could not be renewed because the Toy Poy Restaurant was no longer in business.

applicant for entry, he must be eligible, at the time his application is acted on, for the preference category relied on when the application was filed. *Yui Sing Tse v. Immigration and Naturalization Service*, 596 F.2d 831, at 834 (9th Cir. 1979). See also 1A C. Gordon & H. Rosenfield, *supra*, § 3.5; at 3–56; § 204(e), 8 U.S.C. § 1154(f). Thus, in *Matter of Jo*, 15 I & N Dec. 401 (BIA 1975), the Board refused to allow an alien to renew at deportation proceedings his previous adjustment application—based on investment in what was by that time a dissolved partnership—where adjustment would be predicated on investment in an entirely new business.

■ Likewise, the nonimmigrant alien required to comply with the labor certification requirements of section 212(a)(14), 8 U.S.C. § 1182(a)(14), will be denied the opportunity to renew a previous application if the labor certification issued in conjunction with the original application is no longer valid because of a complete termination of the employment at the time the application is acted on at deportation proceedings. See *Matter of Danquah*, 16 I & N Dec. 191 (BIA 1977); *Matter of Stevens*, 12 I & N Dec. 694 (BIA 1968). However, the labor certification remains valid provided that at the deportation hearing the certificated employer and the alien intend that the latter will be employed in the job upon which the labor certification is based. *Yui Sing Tse v. Immigration and Naturalization Service, su-*

*pra*, 596 F.2d at 835; 8 C.F.R. § 204.4(b).[9] Thus, as in the present case, the continued existence of an outstanding job offer, combined with the alien's ability to accept, evidences the necessary intent to maintain the validity of the labor certification.

Both the Board and the immigration judge rely on *Matter of Danquah* and *Matter of Stevens* for the proposition that the validity of a labor certification is co-extensive with the alien's actual employment with the certificated employer. While it is true that in both of those cases the aliens seeking renewal of their adjustment applications were no longer employed with their respective employers, it is of greater significance that in neither case was the employment offer supporting the labor certification still outstanding; the employment and employment offer in both instances had been finally terminated. Thus, the intent to employ, which justified the issuance of the labor certifications, could not be proved to support their continued validity. In the absence of a valid labor certification, an application for an adjustment of status as a laborer could not be renewed.

Tien, on the other hand, was unemployed at the time of the deportation proceeding and willing to accept the outstanding offer of employment from the Blue Hawaii Restaurant. We thus conclude that Tien did not abandon his 1974 adjustment application upon termination of his employment with the Blue Hawaii Restaurant in 1976,[10]

9. Section 204.4(b) provides that the validity of a petition to classify an alien as a sixth preference immigrant continues

for as long as the labor certification is valid and unexpired, provided there is no change in the respective intentions of the prospective employer and the beneficiary that the beneficiary will be employed by the employer in the capacity indicated in the supporting job offer.

10. The record does not indicate the reason for Tien's termination of employment with the Blue Hawaii Restaurant in January, 1975, and again in December, 1976. Tien's actions in this regard, as well as his subsequent employment at the Toy Poy Restaurant, his application for adjustment on that basis, and his later employment as a house painter, may indicate various changes of intent on his part. However, we are

not willing to require proof of continuous intent consistent with the labor certification from the moment the adjustment application is filed to the moment of renewal of the adjustment application at deportation proceedings where: the petitioner had actually been employed with the certificated employer to the latter's satisfaction for over two years; the deportation hearing (the only available review of the district director's denial in 1976) took place in 1979; and, at the time of deportation hearing, both the petitioner and the certificated employer intended that the petitioner would return to the certificated job prior to or upon the grant of adjustment of status. See *Yui Sing Tse v. Immigration and Naturalization Service*, 596 F.2d at 833, n. 3.

and therefore, he properly renewed it at the deportation proceedings.[11]

*The Issue of Statutory Ineligibility Under Amended Section 245(c)*

Our conclusion that Tien properly renewed his 1974 adjustment application at the deportation hearing requires reversal of the Board's decision based upon Tien's statutory ineligibility for adjustment of status under amended section 245(c). Tien did engage in unauthorized employment after the January 1, 1977, effective date of the statutory disqualification, but he did so only *after* the 1974 filing date of his application for adjustment, which, as we have held, was not abandoned prior to March 1, 1979, the date of the deportation hearing.

The INS contends that Congress, by enacting the 1976 amendments to section 245, never intended that a nonimmigrant alien could file an application for adjustment and then engage in unauthorized employment without subjecting himself to the section 245(c) disqualification. While we agree with the INS that Congress intended to insure that the American labor force does not have to compete with nonimmigrant aliens who violate the conditions of their admission by obtaining unauthorized employment,[12] we do not agree with and can find no support in either the legislative history of the amendment or the statutory language itself for, the proposition that Congress intended its disqualification to deter unauthorized employment after an adjustment application is filed by the nonimmigrant alien.[13] That this is so is made clear by the fact that the Department of Labor labor certification itself does not "au-

thorize" employment with the certificated employer, since only the INS, not the Department of Labor, can grant a nonimmigrant alien such authorization. *Matter of Raol*, 16 I & N Dec. 466 (BIA 1978). Thus, the nonimmigrant alien who is employed at his certificated position pending agency action on his adjustment application is engaging in unauthorized employment within the literal terms of section 245(c), if the interpretation by the INS is correct, which would thus bar the contemplated adjustment ipso facto because of the hearing agency delays necessarily contemplated in the INS administrative approval of the adjustment following the Department of Labor certification. The INS does not, however, contend that employment in the certificated work pending approval of adjustment would under 245(c) bar adjustment. See 8 C.F.R. § 204.4(b) (quoted in note 9, *supra*).

The INS would have us distinguish the above situation from that where the alien engages in unauthorized employment *other than* that certificated on the basis that, where an alien engages in non-certificated employment, his adjustment application supported by the certificated employment is no longer "filed" for purposes of section 245(c). Again, neither the language of the amendment nor its legislative history indicates a congressional intent to define "filed" as suggested by the INS. We therefore reject the agency's interpretation and hold that, consistent with our earlier conclusion with respect to the validity of the labor certification, Tien's adjustment application remained "filed" under section 245(c) for

11. In deciding the appeal on the basis that Tien had abandoned his 1974 application, the Board stated that it need not reach the immigration judge's second reason for denying Tien's renewal attempt (i. e. the labor certification was invalid since Tien was no longer employed at the Blue Hawaii). Nevertheless, the Board, in declaring that Tien had *abandoned* his 1974 application, essentially held that the certification had lost its validity due to Tien's intermittent cessation of his employment. As noted in the text, we are unable to accept the conclusion that under the present facts the certification was no longer valid.

12. See H.R.No.94–1553, 94th Cong., 2nd Sess., reprinted in [1976] U.S.Code Cong. & Ad.News 6073, 6084.

13. The 1976 amendments to the Immigration and Nationality Act also included a change in section 245(a), regulating the prerequisites for adjustment of nonimmigrant alien status. The requirement that an immigrant visa must be immediately available to the alien at the time his application is "approved" was changed to the time his application is "filed," perhaps indicating Congress' awareness of the delays involved prior to agency action on an application.

purposes of renewal at deportation proceedings since his and the certificated employer's intent was the same at the time the immigration judge acted as it was at the time the labor certification and the adjustment application were initially filed.

*Conclusion*

We find that the petitioner did not abandon his January, 1974, adjustment application upon termination of his employment with the certificated employer in December, 1976. Additionally, his application remained "filed" despite his unauthorized employment as a house painter after January 1, 1977. Thus, the Board erroneously concluded that Tien was statutorily ineligible for adjustment of status, and the Board's order is therefore reversed. The case will be remanded for a determination of Tien's satisfaction of the statutory prerequisites for adjustment, and, if satisfied, for the Attorney General's exercise of his discretion in allowing for adjustment.

REVERSED AND REMANDED.