United States Court of Appeals
Fifth Circuit

**F I L E D**

**May 25, 2004**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

---

No. 03-60383
Summary Calendar

---

HADJI BULOSAN DORIA,

Petitioner,

versus

JOHN ASHCROFT, U. S. ATTORNEY GENERAL,

Respondent.

---

Petitioner for Review of a Decision of the
Board of Immigration Appeals
BIA No. A74 704 768

---

Before SMITH, DeMOSS AND STEWART, Circuit Judges.

PER CURIAM:*

Hadji Bulosan Doria, a native and citizen of the Philippines, petitions for review of the

decision of the Board of Immigration Appeals (BIA) summarily affirming the removal order of the

Immigration Judge (IJ).  Because the BIA summarily affirmed pursuant to 8 C.F.R. §

---

  * Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be
published and is not precedent except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

1003.1(e)(5)(2003), the IJ's decision is the final agency determination for our review. See Moin v. Ashcroft, 335 F.3d 415, 418 (5th Cir. 2003).

Doria contends that the IJ erred in finding that the immigration court lacked jurisdiction over his adjustment application. Doria asserts that the IJ should not have denied his application but should have allowed him to substitute his second employer as a new I-140 visa petitioner in conjunction with his original adjustment application. Doria argues that he satisfied the requirements of 8 C.F.R. § 245.2(a)(1) for renewing his application in removal proceedings.

An alien paroled into the United States may renew an application for adjustment of status in removal proceedings only if the adjustment application had been previously filed. 8 C.F.R. § 245.2(a)(1)(ii). Because Doria's second adjustment application was not filed until after he had been paroled into the United States and removal proceedings had been instituted, the IJ was correct in concluding that he was not permitted to renew his adjustment application in the removal proceedings. See 8 C.F.R. § 245.1(c)(8); Pei-Chi Tien v. I.N.S., 638 F.2d 1324, 1328 (5th Cir. 1981).

While Doria's appeal was pending before the BIA, Congress passed the American Competitiveness in the Twenty-First Century Act of 2000 (AC21), Pub. L. No. 106-313, 114 Stat. 1251 (Oct. 17, 2000). Section 106(c) of AC21 amended § 204 of the Immigration and Naturalization Act by adding the following provision, codified as 8 U.S.C. § 1154(j):

> Job flexibility for long delayed applicants for adjustment of status to permanent residence. A petition under subsection (a)(1)(D) for an individual whose application for adjustment of status pursuant to section 1255 of this title has been filed and remained unadjudicated for 180 days or more shall remain valid with respect to a new job if the individual changes jobs or employers if the new job is the same or a

similar occupational classification as the job for which the petition was filed.

Doria contends that the regulatory bar to adjustment as a result of his status as an arriving alien in removal proceedings is inapplicable because § 106(c) applies to his case. He argues that his original adjustment application was a "continuing application" that should have been determined on the basis of the fact and law at the time the application was finally considered.

This lacks merit, first, because there is no evidence of congressional intent for § 106(c) to apply to adjustment applications that had been fully adjudicated by the INS prior to AC21's effective date. Second, by its express terms, section 106(c) applies only to aliens whose adjustment applications have remained <u>unadjudicated</u> for 180 days or more. 8 U.S.C. § 1154(j). Doria's adjustment application was adjudicated by the INS in June 1999, more than 16 months before AC21's effective date, so he is not entitled to relief on authority of § 106(c).

Finally, if it is assumed that § 106(c) is retroactive and applies to adjustment applications that are renewed in removal proceedings (as opposed to applying only to adjustment applications that are awaiting adjudication), § 106(c) would not benefit Doria, because he is ineligible for adjustment of status as a result of his status as an arriving alien in removal proceedings. 8 C.F.R. § 245.1(c)(8). When Doria was placed into removal proceedings on July 26, 1999, at which time he had no adjustment applications pending with the INS, he became ineligible to apply for adjustment because he was, by his own admission, an arriving alien.

PETITION DENIED.