**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**
August 21, 2009

Charles R. Fulbruge III
Clerk

No. 08-60817
Summary Calendar

IDEHEN AMAS IGBINOBA

Petitioner

v.

ERIC H HOLDER, JR, U S ATTORNEY GENERAL

Respondent

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A072 784 425

Before GARZA, CLEMENT, and OWEN, Circuit Judges.

PER CURIAM:[*]

Idehen Amas Igbinoba, a native and citizen of Nigeria, petitions this court for review of the Board of Immigration Appeals' (BIA) decision dismissing his appeal of the Immigration Judge's (IJ) denial of his application to adjust status pursuant to 8 U.S.C. § 1255(i). "When, as here, the BIA affirms the [IJ] and relies on the reasons set forth in the [IJ's] decision, this court reviews the decision of the [IJ] as well as the decision of the BIA." *Ahmed v. Gonzales*, 447 F.3d 433, 437 (5th Cir. 2006) (citation omitted). We review factual findings

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

under the substantial evidence standard, which requires that the decision be affirmed unless the "evidence compels a contrary conclusion." *Carbajal-Gonzalez v. INS*, 78 F.3d 194, 197 (5th Cir. 1996) (citation omitted). We conduct a de novo review of the BIA's legal conclusion that an alien is statutorily ineligible for adjustment of status. *Pei-Chi Tien v. INS*, 638 F.2d 1324, 1327 (5th Cir. 1981).

Igbinoba sought to adjust status based on a Petition for Alien Relative (PAR) filed by his wife, a United States citizen; the IJ, however, determined that Igbinoba was inadmissible due to his Texas state convictions for money laundering and forgery, which the IJ found were crimes involving moral turpitude under 8 U.S.C. § 1182(a)(2)(A)(i)(I). The IJ further determined that Igbinoba had failed to establish pursuant to § 1182(h)(1)(B) that his wife would suffer extreme hardship if he were denied admission to the country. We assume the parties' familiarity with the remaining underlying facts and lengthy procedural history of this case.

In the instant petition for review, Igbinoba contends (1) that the IJ violated his due process rights by failing to obtain a waiver of the right to counsel from him, (2) that his admissions regarding his state convictions for money laundering and forgery were unlawfully obtained, and (3) that the IJ improperly classified his convictions as crimes involving moral turpitude.

First, the record shows that Igbinoba failed to raise his due process claim before the BIA. As the BIA had the power to address this claim through a motion to reopen, it does not fall under the exception to the exhaustion requirement for due process claims and this court is thus without jurisdiction to consider it. *See* 8 U.S.C. § 1252(d)(1)*; see Goonsuwan v. Ashcroft*, 252 F.3d 383, 389-390 & n.13 (5th Cir. 2001) (recognizing exception "when administrative remedies are inadequate" or where "resort to the agency would be futile because the challenge is one that the agency has no power to resolve in the applicant's favor"). Even assuming that Igbinoba had not waived this due process claim, it would still fail because he has not shown that he suffered substantial prejudice

as a result of the denial of counsel. *See Ogbemudia v. INS*, 988 F.2d 595, 598 (5th Cir. 1993). Accordingly, we dismiss the petition for review, in part, for lack of jurisdiction over this claim.

Second, Igbinoba contends that his admissions regarding his convictions for money laundering and forgery were unlawfully obtained because the IJ failed to provide him with a definition and the essential elements of the crimes. The record shows that Igbinoba failed to raise this argument before the BIA. Accordingly, we dismiss the petition for review, in part, for lack of jurisdiction over this claim. *See* § 1252(d)(1); *Wang v. Ashcroft*, 260 F.3d 448, 452-53 (5th Cir. 2001).

Third, Igbinoba argues that the IJ improperly classified his convictions as crimes involving moral turpitude. Because Igbinoba sought relief from removal based on an exercise of the Attorney General's discretion, he had the burden to establish that he was eligible for it. *See* 8 C.F.R. § 1240.8(d) (stating that the alien "shall have the burden of establishing that he or she is eligible for any requested benefit or privilege and that it should be granted in the exercise of discretion"). Furthermore, the burden was on Igbinoba to establish that he was not inadmissible under § 1182(a)(2)(A)(i)(I). *See* § 1240.8(c) (stating that the alien "must prove that he or she is clearly and beyond a doubt entitled to be admitted to the United States and is not inadmissible as charged"). Igbinoba failed to make the required showing as he failed to demonstrate how his offenses were not crimes involving moral turpitude. Accordingly, we deny the petition for review with respect to this claim.

Accordingly, Igbinoba's petition for review is DENIED IN PART and DISMISSED IN PART.