# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

March 4, 2024

Lyle W. Cayce
Clerk

No. 23-60022

Fody Daniel Membreno-Rodriguez,

*Petitioner*,

*versus*

Merrick Garland, *U.S. Attorney General*,

*Respondent*.

Appeal from the Board of Immigration Appeals
Agency No. A212 946 378

Before Jones, Dennis, and Douglas, *Circuit Judges*.

Per Curiam:

Fody Daniel Membreno-Rodriguez filed a petition for review of the denial of his motion to reopen his removal proceedings. After the Board of Immigration Appeals ("BIA") affirmed the denial of his application for asylum, withholding of removal, and protection under the Convention Against Torture ("CAT"), Membreno-Rodriguez sought to reopen his immigration proceedings to apply for adjustment of status based on his marriage to a U.S. citizen. The BIA denied Membreno-Rodriguez's motion to reopen. For the reasons below, we DENY the petition for review.

No. 23-60022

Membreno-Rodriguez, who is a native and citizen of Honduras, applied for admission to the United States on April 5, 2017. Membreno-Rodriguez was referred to an asylum officer, who found that Membreno-Rodriguez demonstrated a credible fear of persecution or torture if returned to Honduras. On April 12, 2017, the Department of Homeland Security ("DHS") issued a Notice to Appear ("NTA"), which charged Membreno-Rodriguez as inadmissible to the United States under 8 U.S.C. § 1182(a)(7)(A)(i)(I) because he sought admission to the United States without a valid entry document. Membreno-Rodriguez was subsequently granted parole under 8 C.F.R. § 212.5(b)(5). Membreno-Rodriguez's parole status expired on April 27, 2018.

During his removal proceedings, Membreno-Rodriguez admitted to the charge of inadmissibility contained in the NTA. He further filed an application for asylum, withholding of removal, and protection under the CAT, which was denied by an immigration judge ("IJ") after a merits hearing. Membreno-Rodriguez appealed the IJ's decision to the BIA, which affirmed the IJ's decision and dismissed Membreno-Rodriguez's appeal.[1]

Membreno-Rodriguez later filed a motion to reopen his removal proceedings based on, *inter alia*, his marriage to a U.S. citizen in 2020. He argued that his case should be reopened to allow him to pursue adjustment of status to lawful permanent resident under 8 U.S.C. § 1255(a) based on a pending I-130 visa petition filed by his U.S. citizen wife. Membreno-Rodriguez subsequently filed an I-979 Notice of Action, showing that the I-130 petition was approved by the United Sates Citizenship and Immigration

---

[1] Membreno-Rodriguez does not seek review of the BIA's decision affirming the IJ's denial of his application for asylum, withholding of removal, and protection under CAT.

No. 23-60022

Services ("USCIS"), and submitted his application for an adjustment of status to legal permanent resident.

The BIA denied Membreno-Rodriguez's motion to reopen, concluding that Membreno-Rodriguez had not demonstrated that he was eligible for an adjustment of status since, as he had conceded before the IJ, he is inadmissible under § 1182(a)(7)(A)(i)(I) and, accordingly, "ineligible for adjustment of status under section 245(a) of the INA, 8 U.S.C. § 1255(a)." Membreno-Rodriguez timely filed a petition for review of the BIA's decision,[2] arguing that the BIA erred in denying his motion to reopen based on the finding that he is inadmissible under § 1182(a)(7)(A)(i)(I), and therefore ineligible for status adjustment under § 1255(a).

We review BIA decisions on motions to reopen "under a highly deferential abuse-of-discretion standard." *Zhao v. Gonzales*, 404 F.3d 295, 303 (5th Cir. 2005). Under that standard, we uphold a BIA's decision "so long as [it] is not capricious, racially invidious, utterly without foundation in the evidence, or otherwise so irrational that it is arbitrary rather than the result of any perceptible rational approach." *Nunez v. Sessions*, 882 F.3d 499, 505 (5th Cir. 2018) (quotation omitted). The BIA's conclusions of law are reviewed de novo, although deference is given to the BIA's reasonable interpretation of immigration regulations. *Hernandez–Castillo v. Moore*, 436 F.3d 516, 519 (5th Cir. 2006). Factual findings are reviewed for substantial evidence. *Zhu v. Gonzales*, 493 F.3d 588, 594 (5th Cir. 2007). Motions to reopen are "disfavored," and the movant "bears a heavy burden" of showing that reopening is warranted. *Gonzalez-Cantu v. Sessions*, 866 F.3d 302, 305 (5th Cir. 2017) (internal quotation marks and citation omitted).

---

[2] Membreno-Rodriguez explicitly abandoned the other claims presented in his petition for review.

No. 23-60022

Here, the BIA denied Membreno-Rodriguez's motion to reopen because it found that he had failed to meet his burden of demonstrating that he was prima facie eligible for adjustment of status. *Parada-Orellana v. Garland*, 21 F.4th 887, 893 (5th Cir. 2022) ("[T]he BIA may deny a motion to reopen . . . [based on] failure to establish a prima facie case for the underlying relief sought[.]"). The BIA based its conclusion on the IJ's finding that Membreno-Rodriguez's parole was terminated when he was served with the NTA, as well as Membreno-Rodriguez's concession at his initial appearance before the IJ that he was inadmissible as charged because he did not possess a valid entry document at the time he sought admission into the United States. 8 U.S.C. § 1182(a)(7)(A)(i)(I); U.S.C. § 1255(a) (stating that a noncitizen's status may be adjusted if he "is admissible to the United States for permanent residence").

Membreno-Rodriguez does not contest that he admitted to the allegations in the NTA during his removal proceedings, which included the charge that he was inadmissible under § 1182(a)(7)(A)(i)(I).[3] Instead, he argues that he remains eligible for adjustment of status under § 1255(a) based on this Court's holdings in *Marques v. Lynch*, 834 F.3d 549 (5th Cir. 2016) and *Pei-Chen Tien v. INS*, 638 F.2d 1324 (5th Cir. 1981). Yet in *Marques*, this Court held that "the documentation requirements of [§] 1182(a)(7) do not

---

[3] Membreno-Rodriguez highlights the BIA's misstatement that his former attorney conceded that Membreno-Rodriguez was not "admitted or paroled into the United States" under § 1182(a)(6)(A)(i), when in fact Membreno-Rodriguez's former counsel conceded the charge of inadmissibility (contained in the NTA) under § 1182(a)(7)(A)(i)(I),—which the BIA refers to correctly later in its opinion. Any error on the part of the BIA in misstating the grounds for Membreno-Rodriguez's inadmissibility is harmless because "there is no realistic possibility" that the BIA "would have reached a different conclusion" absent the error given that Membreno-Rodriguez concedes that he is inadmissible as charged under § 1182(a)(7)(A)(i)(I). *Vazquez v. Sessions*, 885 F.3d 862, 872 (5th Cir. 2018), *cert. denied sub nom. Rodriguez Vasquez v. Sessions*, 138 S. Ct. 2697 (2018) (internal citation removed).

apply to an alien who was previously validly admitted as a nonimmigrant, who is residing in the United States, and who applies for an adjustment of status." 834 F.3d at 562. Similarly, the petitioner in *Pei-Chen*, like the petitioner in *Marques*, was previously admitted as a nonimmigrant before applying for adjustment of status. 638 F.2d at 1326. Here, in contrast to the petitioners in *Marques* and *Pei-Chen*, Membreno-Rodriguez was never "previously validly admitted as a nonimmigrant" since those who have been paroled are "not [] considered to have been admitted" to the United States. *Marques*, 834 F.3d at 562; 8 U.S.C. § 1101(a)(13)(B) ("An alien who is paroled under [§] 1182(d)(5) of this title . . . shall not be considered to have been admitted."); 8 U.S.C. § 1182(d)(5)(A) (providing that "parole of such alien shall not be regarded as admission of the alien"); *see also Duarte v. Mayorkas*, 27 F.4th 1044, 1059 (5th Cir. 2022) ("[T]he alien remains an applicant for admission while on parole.") (citing 8 U.S.C. § 1182(d)(5)(A)).

Acknowledging these distinctions, Membreno-Rodriguez asks us to extend the holdings in *Marques* and *Pei-Chen* to petitioners, like himself, who have been granted parole. But assuming arguendo that we obliged Membreno-Rodriguez's request, his parole—even if not terminated by the NTA[4]—expired on April 27, 2018, well before he sought adjustment of status in 2020. In any event, Membreno-Rodriguez remained an applicant for admission at the time he filed his motion to reopen—regardless of the status of his parole. 8 C.F.R. § 1001.1(q) ("An arriving alien remains an arriving alien even if paroled pursuant to section 212(d)(5) of the Act, and even after any such parole is terminated or revoked."). Because Membreno-Rodriguez

---

[4] Membreno-Rodriguez argues that the BIA erred in finding that his parole terminated upon the service of the NTA, which occurred on April 13, 2017, two weeks prior to his grant of parole by the DHS on April 27, 2017. Under *Patel v. Garland*, 596 U.S. 328, 347 (2022), however, we lack jurisdiction to review factual findings made "as part of discretionary-relief proceedings," including an adjustment of status under § 1255.

conceded, as charged, that he is inadmissible under § 1182(a)(7)(A)(i)(I), and his parole had no effect on his status as an applicant for admission into the United States, substantial evidence supports the BIA's conclusion that Membreno-Rodriguez is ineligible for adjustment of status under § 1255(a). *Verdugo-Soto v. Lynch*, 616 F. App'x 183, 184 (5th Cir. 2015) ("An applicant for adjustment of status under § 1255(i) must establish that he is not inadmissible under any provision of the Immigration and Nationality Act[.]"). The BIA thus did not abuse its discretion in denying Membreno-Rodriguez's motion to reopen for failure to meet his "heavy burden" of demonstrating his prima facie eligibility for adjustment of status. *Gonzalez-Cantu*, 866 F.3d at 305.

Membreno-Rodriguez's petition for review is DENIED.